Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff CARMEN JOHN PERRI

Julie R. Trotter, Bar No. 209675
jtrotter@calljensen.com
Michael S. Orr, Bar No. 196844
msorr@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000

Attorneys for Defendants Quartus, Inc., dba 7-Eleven #2172-22414C and SEJ Asset Management & Investment Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br>        Plaintiff,<br><br>v.<br><br>QUARTUS, INC., a California corporation, dba 7-Eleven #2172-22414C; SEJ ASSET MANAGEMENT & INVESTMENT COMPANY, a Delaware corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | **Case No.** 8:17-CV-01650-DOC-KES<br><br>**Assigned to: Hon. JUDGE DAVID O. CARTER**<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: 1/22/2018**<br>**Courtroom: 9D** |

-1-

**JOINT FRCP RULE 26(f) REPORT**

Plaintiff CARMEN JOHN PERRI ("Plaintiff"), and QUARTUS, INC., a California corporation, dba 7-Eleven #2172-22414C; SEJ ASSET MANAGEMENT & INVESTMENT COMPANY, a Delaware corporation ("Defendants") respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f).

## A.   SYNOPSIS

### 1.   Plaintiff's Statement of the Case

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. Plaintiff relies upon a wheelchair and other devices for mobility. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. He has a Disabled Person Parking Placard issued to him.

Plaintiff personally visited Defendants' facility on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron." Specifically, he desired to visit the subject property as a consumer, but experienced difficulty due to Defendant's failure to provide adequate access to the subject business and its interior.

It is alleged that Defendant SEJ ASSET MANAGEMENT & INVESTMENT COMPANY, a Delaware corporation, owns the real property located at 12752 Brookhurst St., Garden Grove, CA 92840 (hereinafter "Property") where the subject business, owned and operated by Defendant QUARTUS, INC, a California corporation, dba 7-Eleven #2172-22414C (the "Business") is located. It is alleged that Defendant Business is liable to Plaintiff for the alleged ADA violations.

The Business is a facility open to the public, a place of public accommodation, and a business establishment. Instead of having a compliant access path on the

property, Defendants have: a built up curb ramp that protrudes into the designated disabled access aisle and has a cross slope in the access aisle; and, the designated disabled parking area is very rough/damaged; no clearly designated path of travel; and there exists incorrect disabled parking signage. The dangerous condition manifests when disabled persons attempt to navigate their vehicle to the access aisle.  Doing so creates a probability that they will be at risk to cause tip over or trip and falls.

Plaintiff seeks damages and injunctive relief originally sought by this Complaint. At the times of Plaintiff's visit to Defendant's facility and prior to instituting this action, he suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.

Plaintiff further allege, Defendants had no policy or plan in place to make sure that the access aisle had no more than a 2.1% grade and/or was compliant.

Plaintiff also alleges that Defendants' failure to provide an accessible access aisle is discriminatory against Plaintiff. Plaintiff further allege Defendants violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, Plaintiffs seeks injunctive relief and the statutory minimum damages award, damages under *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016), and attorneys fees and costs of suit.

**2.    Defendants' Statement of the Case**

Defendants deny they discriminated against Plaintiff in any way or that Plaintiff was damaged in any way.  Defendants further contend that Plaintiff visited (or purports to have visited) the Store solely for purposes of bringing this action and that Plaintiff has no intention of returning to the Store as a consumer. Defendants deny that the barriers alleged by Plaintiff exist or that they constitute legal barriers to Plaintiff or otherwise under the ADA. Defendants believe that the architectural barriers claimed have been, or will shortly be, removed so that the federal claim is moot.  Defendants also believe that Plaintiff did not

encounter any architectural barriers and that he is attempting to seek relief for barriers that are not associated with his particular disability or condition. In addition, Plaintiff did not give any notice to Defendants of any purported barriers or difficulties he encountered and visited the store for the sole purpose of increasing his purported damages and attorney's fees. As a result, Plaintiff failed to mitigate his claimed damages.

## B. LEGAL ISSUES

### 1. Plaintiff's Asserted Legal Issues

The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) the nature and extent of damages.

### 2. Defendant's Asserted Legal Issues

The principal legal issues are: (1) whether the alleged barriers exist; (2) whether the Defendant is responsible under the law to remove barriers; (3) whether the Plaintiffs have standing to seek either damages or injunctive relief; (4) whether the alleged barriers are readily achievable to remove; (5) the nature and extent of damages; (6) whether Plaintiff mitigated his damages; and (7) whether Plaintiff's claims are moot.

## C. PARTIES ADDED AND PLEADINGS AMENDED

At this time, the Parties do not believe that any additional Parties will be added or that the pleadings likely need amending.

## D. MOTIONS

### 1. Plaintiffs' Position:

Plaintiff does not believe he likely will seek to add other parties or seek transfer

of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect her type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).

Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions and inspection are taken in this case.

2. **Defendants' Position:**

Defendants anticipate filing a Motion for Summary Judgment or Partial Summary Judgment after the necessary depositions and written discovery is obtained.

E. **SETTLEMENT**

The parties have engaged and continue to engage in informal settlement discussions; however, in the event discussions are not fruitful:

Plaintiff proposes to select Settlement Procedure No." ii," and the parties agree to engage in settlement discussions mediated by an Attorney Settlement Officer from this Court's Panel. Plaintiff proposes that the deadline for conducting settlement proceedings be set at 10 weeks before the trial date.

F. **DISCOVERY PLAN**

The Parties do not seek any changes to the form or requirements for initial disclosures. The parties intend to exchange Initial Disclosure by January 31, 2018.

Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant and to

conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011). Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Business, including the existence of any accessibility barriers and accessible routes; (3) history of changes or modifications to the Business; (4) the feasibility of providing access to persons with disabilities.

Defendants will propound written interrogatories, requests for production and will take the deposition of Plaintiff and any experts identified. Defendants intend to seek discovery related to plaintiff's disability, all issues relating to his visit to the store, prior claims brought under the ADA, and California access laws, and his financial bias.

## G. TRIAL ESTIMATE

Plaintiff anticipates a jury trial of 3 days. Plaintiff anticipates 4-5 witnesses, including an expert to testify at trial.

Defendants anticipate a 3 day jury trial and will call 3-4 witnesses including an expert.

## H. COURT DATES:

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Trial Date (Jury) Estimated Length (Tuesday):** **4 Days** | 8:30 a.m. | | September 18, 2018 | January 8, 2019 | |

-6-

**JOINT FRCP RULE 26(f) REPORT**

| | | | | | |
|---|---|---|---|---|---|
| **Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief** | 8:30 a.m. | 4-6 weeks after Motion cut-off (MONDAY) | September 3, 2018 | December 17, 2018 | |
| **Last Day for Hearing Motions** | 8:30 a.m. | (MONDAY) 6-8 weeks after discovery cut-off and date on which all MSJs will be heard) | August 18, 2018 | November 19, 2018 | |
| **Discovery Cut-Off** | | | June 18, 2018 | Ocotber 10, 2018 | |
| | | | | | |
| | | | | | |
| | | | | | |

-7-

**JOINT FRCP RULE 26(f) REPORT**

Respectfully submitted,

Dated: January 15, 2018                MANNING LAW, APC


                                       By:/s/ *Joseph R. Manning, Jr.*
                                           Joseph R. Manning, Jr.
                                           Michael J. Manning
                                           Craig G. Cote'
                                           *Attorneys for Plaintiff*


Dated: January 15, 1018                CALL & JENSEN
                                       A Professional Corporation

                                       By:/s/ *Michael S. Orr*

                                       Michael S. Orr
                                       Julie R. Trotter
                                       *Attorneys for Defendant*

**JOINT FRCP RULE 26(f) REPORT**